UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:06-CR-338 |
| | : | |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| vs. | : | |
| | : | [Resolving Doc. No. 558] |
| BRIAN ZACCARDELLI | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Under Rule 60(b)(3) of the Federal Rules of Civil Procedure, Defendant Ziccardelli moves for bail pending appeal, attempting to use a civil rule to vacate the Court's judgment. [Docs. 558.] The Government opposes Defendant's motion. [Doc. 563.] For the reasons stated below, the Court **DENIES** Defendants' motion to vacate judgment under Rule 60(b).

I. Background

On July 6, 2006, a federal grand jury indicted the Defendant, and numerous other individuals, on drug trafficking charges. [Doc. 28.] On September 21, 2006, Defendant Zaccardelli pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine, pursuant to a written plea agreement. [Doc. 203]. The plea agreement contained a "Waiver of Appeal, Defenses, and Collateral Attack Rights" section. *Id.* Pursuant to this section, the Defendants Zaccardelli waived his right to challenge his "conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255." *Id.* As stated in the plea agreement,

-1-

Case No. 1:06-CR-338
Gwin, J.

the Defendant waived their right to challenge their convictions, except for claims of ineffective assistance of counsel or prosecutorial misconduct.  Subsequently, this Court sentenced the Zaccardelli. [Doc. 415.]

On August 16, 2007, Defendant Zaccardelli served the United States with the instant motion filed to set aside his judgments pursuant to Federal Rule of Civil Procedure 60(b)(3), but failed to properly file the motion with the Court until October 22, 2007. [Doc. 558.]  On November 13, 2007, the Government filed an opposition to Defendant's motion. [Doc. 563.]

## II. Discussion

As an initial matter, the motion was not properly filed with the Court until October 22, 2007, ten months may not be 'within a reasonable time' as required by Fed. R. Civ. Pro. 60(b) based on the facts in this case.  Nevertheless, the rule is improperly invoked in a criminal case.  For the reasons discussed in this Court's earlier ruling, Doc. 550., the Court finds that Rule 60(b) only applies to civil actions.  *See United States v. Diaz,* 79 Fed. App'x. 151 (6th Cir. 2003); *United States v. Charles,* 37 Fed. App'x. 758 (6th Cir. 2002); *see also* Doc. 550.

Criminal defendants may raise Rule 60(b) motions to challenge civil judgments in 28 U.S.C. § 2255 proceedings, but the Defendant has not filed a petition under § 2255.  Thus, there is no habeas decision for the Court to review by means of the Rule 60(b) motion.  Further, the Defendant ~~may well have~~ waived any ability to bring habeas actions save regarding claims of prosecutorial misconduct or ineffective assistance of counsel.  Simply put, Rule 60(b) does not provide for relief from criminal case judgments.

Additionally, even if this Court had jurisdiction to consider a Fed. R. Civ. P. 60(b) motion in this criminal case, the motion would fail because the Defendant waived his right to collaterally

Case No. 1:06-CR-338
Gwin, J.

challenge his conviction in his written plea agreement. [Doc. 203.] The plea agreement prevents the Defendant from bringing 28 U.S.C. § 2255 petitions unless he can show ineffective assistance of counsel or prosecutorial misconduct. This Court, therefore, lacks jurisdiction to provide Rule 60(b) relief in this criminal matter.

### III. Conclusion

For these reasons, the Court **DENIES** Defendants' motion to vacate judgment.

IT IS SO ORDERED.

Dated: November 20, 2007                s/    *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE